IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

DEIDRA FERGUSON and
DAVID FERGUSON,

     Plaintiffs,

v.                                   Case No. 2:22-cv-00336

THE CHEMOURS COMPANY FC LLC;
KURARAY AMERICA, INC.; and DOES 1-4,

     Defendants.

**NOTICE OF REMOVAL BY DEFENDANT
THE CHEMOURS COMPANY FC LLC**

**TO THE HONORABLE JUDGES OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

Pursuant to 28 U.S.C. §1441 and §1446, Defendant The Chemours Company, ("Chemours") hereby removes this action, which is now pending in the Circuit Court of Wood County, West Virginia, to the United States District Court for the Southern District of West Virginia. As will be shown below, this Court has original jurisdiction over this matter pursuant to diversity jurisdiction under 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. In support of this removal, Defendant Chemours states as follows:

**I. VENUE**

Plaintiffs Deidra and David Ferguson filed this action in the Circuit Court of Wood County, West Virginia, Civil Action Number 22-C-147 on July 8, 2022. Because the case was filed in Wood County, this Court is the appropriate venue for removal.

1

## II. TIMELINESS OF NOTICE OF REMOVAL

Plaintiffs filed this lawsuit against Defendant Chemours on July 8, 2022.  Plaintiffs served Chemours with the Complaint through the West Virginia Secretary of State on July 18, 2022.  (See certified copy of the Docket Sheet and copies of all pleadings filed in state court attached as **Exhibit A**.) Therefore, pursuant to the second paragraph of 28 U.S.C. §1446(b), this Notice of Removal is being filed within 30 days after receipt of service of process (as defined by Rule 6 of the Federal Rules of Civil Procedure), and less than 1 year after the commencement of the action.  This Notice of Removal is therefore timely.

## III.   DIVERSITY OF CITIZENSHIP

According to the Complaint, Plaintiffs are citizens and residents of Wood County, West Virginia.  Complaint at ¶1.  Defendant Chemours is a Delaware corporation with its principal place of business in Delaware.  Defendant Kuraray America, Inc. is a Delaware corporation with its principal place of business in Texas.  The residency of defendants Does 1-4 is irrelevant because those defendants are unidentified.  Therefore, complete diversity exists among the parties.

## IV.  AMOUNT IN CONTROVERSY

Plaintiffs have not pled a specific damage amount in their Complaint.  However, the amount in controversy in this action exceeds $75,000 due to this fact: if Plaintiffs were to win this lawsuit and receive all of the damages they seek from the defendants, the total amount of damages would exceed $75,000.

The burden of establishing that the amount in controversy exceeds $75,000, exclusive of interests and costs, rests with the party seeking removal.  Durbin v. Dacar, 2010 WL 520190

(N.D. W. Va. 2009) citing Mulcahey v. Columbia Organic Chems. Co. Inc., 29 F.3d 148, 151 (4th Cir. 1994).   Although the defendant has the burden of proving the claim meets the jurisdictional amount, in circumstances in which no specific amount of damages is set forth in the complaint "the court may consider its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional amount." Id. citing Mullins v. Harry's Mobile Homes, Inc., 861 F.Supp. 22, 23 (S.D. W. Va. 1994).  Although the defendant has the burden of proving the claim meets the jurisdictional amount, in circumstances in which no specific amount of damages is set forth in the complaint "the court may consider its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional amount." Id. (citing Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23, (S.D. W. Va. 1994)).  To determine the amount in controversy, "the court can look to evidence available at the time of removal to fill in the missing amount." Id. at *2 (citing Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997)).  "'The starting point for ascertaining the amount in controversy is . . . the complaint itself.'" Id. (citing Sayre v. Potts, 32 F. Supp. 2d 881, 887 (S.D. W. Va. 1999)). Part of the court's inquiry may also include consideration of the following factors:

> the type and extent of the plaintiff's injuries **and the possible damages recoverable therefore, including punitive damages** if appropriate.  The possible damages recoverable may be shown by the amounts awarded in other similar cases.  Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was field.  The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

Vaughan v. Dixon, 2009 WL 2913617, *3 (N.D. W. Va. 2009) (citing Watterson v. GMRI, Inc., 14 F. Supp. 2d 844, 850 (S.D. W. Va. 1997)) (emphasis added).

In addition, "the court can [] use its 'common sense' to determine an amount for jurisdictional purposes." Durbin, 2010 WL 520190 at *2 (citing Mullins, 861 F. Supp. at 24).

Moreover, "the removing party can use the plaintiff's causes of action to show that the amount in controversy is more likely than not in excess of $75,000.00." Id. (citing Mullins, 861 F. Supp. at 24).

In the instant case, although Plaintiffs have pled no specific damage amount in their Complaint, the amount in controversy in this action exceeds $75,000.00 due to this fact: if Plaintiffs were to win this lawsuit and receive all of the compensatory damages and other damages they seek from the defendants, the total amount of damages would far exceed $75,000.00.

Plaintiffs filed this lawsuit on July 8, 2022 alleging personal injury to Plaintiff Deidra Ferguson from a ceiling tile that fell from her place of employment, striking her, on July 14, 2020.  Although Plaintiffs do not plead a specific dollar amount for their damages against Chemours, Plaintiffs allege Deidra Ferguson has incurred physical injury, medical expenses, lost wages, pain and suffering, mental anguish, emotional distress, loss of earning capacity, permanent damage, and a loss of capacity to enjoy life.  They also seek loss of consortium damages for Plaintiff David Ferguson, as well as past and future injuries and damages.

In addition, Plaintiffs' allegations contain a claim for punitive damages.  Multiple courts have considered a plaintiff's good faith claim for punitive damages in its calculation of the amount in controversy.  Heller v. TriEnergy, Inc., No. 5:12-CV-45, 2012 WL 2740870 at *10 (N.D.W. Va. July 9, 2012) (noting that the punitive damages played a role in determining that the action more likely than not involved more than $75,000); Bryant v. Wal-Mart, 117 F. Supp. 2d 555, 556-557 (S.D.W. Va. Oct. 20, 2000) ("A good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action.").

In awarding punitive damages, the ratio of punitive damages to compensatory damages can be as much as a single digit. State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003) (United States Supreme Court suggesting in dicta that single digit ratios are presumptively valid). Indeed, a single digit multiplier has been applied to estimate punitive damages in light of compensatory damages for purposes of determining the amount in controversy. Coleman v. Wicker, No. 2:11-00558, 2012 WL 1111465, *3 (S.D.W. Va. Mar. 30, 2012) (applying a one-half multiplier for punitive damages to an estimated $63,000 in damages to meet the jurisdictional minimum for diversity). Therefore, Plaintiffs' claim for punitive damages augments the amount in controversy.

Moreover, if Plaintiffs prevail in this case and a jury finds Chemours is guilty of the things Plaintiffs allege (which Chemours denies), a verdict well exceeding $75,000 could be awarded to Plaintiffs, especially if punitive damages are awarded.

In a 2009 case, Judge Bailey of the United States District Court for the Northern District of West Virginia considered the face of a plaintiff's complaint and the damages alleged by the plaintiff to find the "amount in controversy" question satisfied. See Vaughan v. Dixon, 2009 WL 2913617 (N.D. W. Va. 2009). In Vaughan, the plaintiff's complaint alleged physical injuries to various areas of her body due to a car accident involving the Defendant. Id. at *1. The plaintiff also alleged emotional distress, loss of enjoyment of life, and possible permanent disability as well as medical expenses totaling $23,800, lost income exceeding $15,000, and possible future lost income and earning capacity. Id. However, the plaintiff's complaint contained no specific *ad damnum* amount. Id. Ultimately, Judge Bailey found that the face of the Complaint alone, i.e. the plaintiff's claims for emotional distress, pain and suffering, loss of

enjoyment of life, and future damages, satisfied the amount in controversy, notwithstanding an independent evaluation of the remaining record.  Id. at *4.

Judge Hallanan of the United States District Court for the Southern District of West Virginia dealt with a similar "amount in controversy" question in Weddington v. Ford Motor Credit Company, 59 F. Supp. 2d 578 (S.D. W. Va. 1999).  In that case, the plaintiff had sued an automobile financing company.  The complaint did not contain any specific amount in the ad damnum clause.  The only firm amount in controversy that could be gleaned from the case file was $16,000.00, the value of rescission of the contract in question.  However, because the plaintiff was also requesting compensatory damages for mental anxiety, suffering, annoyance, aggravation, inconvenience and humiliation, as well as punitive damages, Judge Hallanan found that the amount in controversy would likely be above $75,000.00, the jurisdictional limit.

In Cline v. Matney, 20 F. Supp. 2d 977 (S.D. W. Va. 1998), Judge Haden reached the same conclusion regarding a lawsuit against a tortfeasor and his insurance company.  The complaint alleged that the tortfeasor had caused personal injury to the plaintiff, and that the tortfeasor's insurance company had violated the Unfair Trade Practices Act, West Virginia Code § 33-11-4, et seq.  in its dealings with the plaintiff.  While the complaint did not contain a request for any specific dollar figure, it requested both compensatory and punitive damages.  Judge Haden found that, with medical bills over $30,000.00, and a request for punitive damages, the amount in controversy would likely be above $75,000.00.

In Campbell v. Rests. First/Neighborhood Rest. Inc., 303 F. Supp. 2d 797 (S.D. W. Va. 2004), Judge Haden reached a similar conclusion in a personal injury case that involved less than $20,000 in medical bills.  The plaintiff in that case only sought compensatory damages, not punitive damages; yet, the amount in controversy requirement was satisfied.  "Although her

medical bills total just shy of $20,000, when one considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied." Campbell, id., at 799.

Judge Johnston reached a similar decision in Evans v. CDX Services, LLC, 528 F. Supp. 599 (S.D. W. Va. 2007).  In that case, the plaintiff sought compensatory damages, but not punitive damages, for personal injury.  With no indication of the amount of medical bills at issue, Judge Johnson found that the plaintiff's claims for pain and suffering and future damages placed the amount in controversy above $75,000.

In this matter, the amount in controversy could well exceed $75,000 when the amount of claimed damages is totaled.  As indicated above, Plaintiffs allege past and future medical expenses, lost wages, pain and suffering, mental anguish, emotional distress, loss of earning capacity, permanent damage, a loss of capacity to enjoy life, and loss of consortium.  Moreover, Plaintiffs seek punitive damages against Chemours, which, when coupled with the compensatory damages it seeks, will far exceed the amount in controversy requirement.  Thus, an evaluation of Plaintiffs' allegations and alleged damages proves by a preponderance of the evidence that the amount in controversy requirement has been met.  As such, this Court has original jurisdiction, and this matter is properly removed to federal court.

## V.  CONSENT OF ALL DEFENDANTS TO REMOVAL

Kuraray joins in this notice of removal by written consent, attached hereto as **Exhibit B**.

The other defendants, Does 1-4, are unidentified, thus their consent is unnecessary.

**THE CHEMOURS COMPANY**

**BY SPILMAN THOMAS & BATTLE, PLLC**

/s/ Paula L. Durst
Paula L. Durst, Esq. (WV Bar # 5805)
Charity K. Lawrence, Esq. (WV Bar # 10592)
Spilman Thomas & Battle, PLLC
300 Kanawha Blvd., East
P.O. Box 273
Charleston, WV 25321-0273
Tel: (304) 340-3800
Fax: (304) 340-3801
pdurst@spilmanlaw.com
clawrence@spilmanlaw.com

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA

### AT CHARLESTON

**DEIDRA FERGUSON and**
**DAVID FERGUSON,**

    **Plaintiffs,**

**v.**                                     **Case No.  2:22-cv-00336**

**THE CHEMOURS COMPANY FC LLC;**
**KURARAY AMERICA, INC.; and DOES 1-4,**

    **Defendants.**

### CERTIFICATE OF SERVICE

I, Paula Durst, hereby certify that on August 12, 2022, I electronically filed the foregoing

**Notice of Removal** with the Clerk of the Court using the CM/ECF filing system, which will send

notification of such filing to the following:

> James R. Leach, Esq.
> Victoria J. Sopranik, Esq.
> Devyn R. Leach Esq.
> Jim Leach, L.C.
> 34 Bickel Mansion Drive
> Parkersburg, WV 26101
> ***Counsel for Plaintiffs***

                         /s/ Paula L. Durst
                         Paula L. Durst (WV State Bar # 5805)