IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEIDRA FERGUSON, et al.,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:22-cv-00336

THE CHEMOURS COMPANY FC LLC, et al.,

        Defendants.

**ORDER**

Pending before the Court is Defendant Kuraray America, Inc.'s Motion to Dismiss. (ECF No. 8.) For the reasons below, the motion is **GRANTED**. The complaint as against Defendants Kuraray America, Inc., Doe 3, and Doe 4 is hereby **DISMISSED**.

I.        BACKGROUND

Plaintiff Ms. Ferguson is a former employee of Defendant Kuraray. (ECF No. 8-1 at 8, ¶ 9.) On July 14, 2020, Ms. Ferguson was at work when a tile fell from the ceiling and struck her, causing injury. (*Id.* at 9, ¶ 13.) Defendant The Chemours Company FC LLC owned the property where this occurred. (*Id.* at 9, ¶¶ 14-15.) As a result of this incident and her injury, Ms. Ferguson filed a complaint on July 8, 2022, against both Kuraray and Chemours, as well as four unnamed defendants who are alleged employees of the named defendants: Doe 1, Doe 2, Doe, 3, and Doe 4. (ECF No. 8-1.)

In the complaint, Ms. Ferguson alleges that each defendant party is liable for her injury in some way. First, Defendants Doe 1 and Doe 2 are allegedly liable as "employees and/or agents of Chemours" who are "responsible for overseeing and ensuring that properties owned by Chemours are routinely and properly inspected and maintained to identify and repair dangerous conditions." (ECF No. 8-1 at 9, ¶ 19.) Second, Defendants Doe 3 and Doe 4 are allegedly liable in the same way as Doe 1 and Doe 2, but as agents of Kuraray. (*Id.* at 9, ¶ 20.) Third, Kuraray is allegedly "vicariously liable pursuant to the doctrine of *respondeat superior* for any and all acts alleged herein of Defendants Does 3 and 4." (*Id.* at 10, ¶ 21.) Fourth and finally, Chemours is allegedly "vicariously liable pursuant to the doctrine of *respondeat superior* for any and all acts alleged herein of Defendants." (*Id.* at 10, ¶ 22.) In sum, Ms. Ferguson alleges negligence against each Defendant for her injuries. (*Id.* at 10, ¶¶ 25-30.)

In addition to Ms. Ferguson's injuries, Plaintiff Mr. Ferguson joined the complaint as well. He alleges that "the negligence of Defendants causing injury and damages to Ms. Ferguson … caused [Mr. Ferguson] to lose the consortium and services of his wife." (ECF No. 8-1 at 11, ¶ 31.) Together, Plaintiffs seek compensation for their "past and future injuries, damages, pain, suffering, lost wages, loss of earning capacity, permanent damage, loss of capacity to enjoy their lives, punitive damages, loss of consortium, plus all other relief the Court deems proper." (*Id.* at 11.)

On their part, Defendants removed this action to this Court on August 8, 2022. (ECF No. 1.) They then filed this motion to dismiss on August 29, 2022. (ECF No. 8.) Plaintiffs did not file a response, and the deadline for doing so has passed. Therefore, this motion is ripe for adjudication.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

## III. DISCUSSION

Kuraray's unopposed motion describes a fatal flaw in the complaint: The action as against Kuraray, Doe 3, and Doe 4 is barred by the West Virginia Workers' Compensation Act.

3

(*See* ECF No. 9 at 4.) This Court agrees.

Under the Act, employers who carry workers' compensation insurance are "not liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring." W. VA. CODE § 23-2-6. This protection is nearly absolute. In fact, the Act recognizes only two exceptions.

First, employers are not shielded if they are "in default" as to payment into the fund. W. VA. CODE § 23-2-6. Second, there is no immunity if the employer acted "with deliberate intention." *Id.* § 23-2-6a. Beyond these two exceptions, the "provision has been consistently construed as relieving the employer from common law liability for negligent injury or the death of an employee." *Belcher v. J.H. Fletcher & Co.*, 498 F.Supp. 629, 630 (S.D. W. Va. 1980) (citation omitted).

Plaintiffs admit that at the time of the incident, Ms. Ferguson "was employed by Kuraray America, Inc." (ECF No. 8-1 at 8, ¶ 9.) Ms. Ferguson also admits that "Does 3 and Does 4 are employees and/or agents of Kuraray America[,] Inc." (ECF No. 8-1 at 9, ¶ 20.) This is important as the Act's "immunity from liability" explicitly "extend[s] to every officer, manager, agent, representative, or employee of" of Kuraray. W. VA. CODE § 23-2-6a.

These facts place Plaintiffs' claims squarely into the Act's gamut, dooming them from the outset. As Ms. Ferguson's employer, the claims against Kuraray are barred. Further, as agents of Kuraray, the claims against Doe 3 and Doe 4 are barred as well.

Therefore, the only question for this Court is whether Ms. Ferguson's claims fall under one of the two previously noted exceptions. Yet Plaintiffs make no attempt to argue that an exception applies. Despite this, the Court has still considered both potential exceptions and

determined that neither applies to Plaintiffs' claims.

To begin, the Court easily dispenses with the first exception. Nothing in the record suggests that Kuraray is delinquent in its worker's compensation payments. To the contrary, it appears that Ms. Ferguson has collected workers' compensation benefits under Kuraray's policy. (*See* ECF Nos. 8-2, 8-3, and 8-3.) These benefits would not be available to Ms. Ferguson if Defendant Kuraray was delinquent. Therefore, this exception does not apply.

Next, the Court finds the second exception fares little better. This is because nothing in the record supports a finding that Kuraray acted "with "deliberate intention" to cause [Ms. Ferguson's] injury." *Helmick v. Potomac Edison Co.*, 406 S.E.2d 700, 705 (W. Va. 1991) (noting also that the "deliberate intention" exception "is meant to deter the malicious employer, not to punish the stupid one"). Perhaps tellingly, the complaint does not even *try* to allege deliberate action. Yet even if it did, the claim would still fail to satisfy the statutory showing needed to support deliberate intention liability.

By the Act's design, deliberate intention liability is a specific "means of overcoming statutory immunity." *State ex rel. March-Westin Company, Inc. v. Gaujot*, No. 21-0577, 2022 WL 831523, at *6 (W. Va. Mar. 21, 2022). Such claims are "exceptional." *Sedgmer v. McElroy Coal Co.*, 640 S.E.2d 129, 134 (W. Va. 2006). To sustain their claims, Plaintiffs needed to make a detailed "showing of proof on each and every statutory requirement for maintenance of a "deliberate intention" action." *Id.* Such a showing consists of proving five factors.[1] Besides

---

[1] As enumerated in *Dotson v. Niche Polymer LLC*, No. 2:21-cv-00110, 2022 WL 2292286, at *4 (S.D. W. Va. June 24, 2022), the five factors are the following:

> (i) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

alleging an injury though, the complaint does not mention any of these required factors—let alone clearly establish them.

In short, Plaintiffs' claims against Defendants Kuraray, Doe 3, and Doe 4 are barred by the West Virginia Worker's Compensation Act. The only way around this bar is via one of the two statutorily recognized exceptions. Nevertheless, Plaintiffs failed to make the mandatory showing that either exception applies to their claims.

### IV.   CONCLUSION

For these reasons, the Court **GRANTS** the pending motion to dismiss and **ORDERS** that this civil action be **DISMISSED** as to Defendants Kuraray, Doe 3, and Doe 4. (ECF No. 8.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   November 3, 2022

---

(ii) That the employer, prior to injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
(iii) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer;
(iv) That notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, the person or persons alleged to have actual knowledge under subparagraph (ii) nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
(v) That the employee exposed suffered serious compensable injury or compensable death.

(citing W. VA. CODE § 23-4-2(d)(2)(B)).

_____
THOMAS E. JOHNSTON, CHIEF JUDGE